JAMES FERRANDO, PLAINTIFF-APPELLANT, v. CONTINENTAL PAPER COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted October term, 1928—Decided March 11, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Kimmel & Kimmel.*

For the respondent, *George C. Felter, Jr.*

PER CURIAM.

This is an appeal by the plaintiff from a judgment in favor of the defendant in the Second District Court of Bergen county. The plaintiff's claim was to recover $183.42, with interest from June 18th, 1921, being a balance which the plaintiff at that time paid to the Erie Railroad Company representing freight and storage charges on certain waste paper shipped to the defendant. The claim was based on the following facts:

On October 19th, 1916, the defendant purchased from the plaintiff two cars of waste paper to be shipped to it at Bogota, in this state. This paper was immediately forwarded, but on arrival one of the cars was rejected by the defendant, and the

railroad stored the paper at Undercliff. As a result of this the freight and storage charges were made.

In 1919 the present plaintiff brought suit against the defendant to recover damages for breach of the contract caused by the rejection of the paper, and on January 13th, 1920, obtained a verdict and judgment. This judgment was satisfied. In 1921 the railroad insisted upon the payment of the balance due it for the freight and storage charges, and after being threatened with suit, the plaintiff paid the amount on June 18th, 1921. Four years later the present action was started to recover this amount from the defendant. The trial judge entered judgment for the defendant, holding that the action was barred by the statute of limitations and also that the case was *res adjudicata,* and we think properly. *E. O. Painter Co.* v. *Killone Co.,* 6 *N. J. Adv. R.* 1548.

The plaintiff's rights, whatever they were as against the defendant, existed by virtue of, and arose out of, the sale in 1916. The action in the Hudson Circuit Court established the plaintiff's right to recover under that contract. When he sued for its breach he was obliged to bring in all of the elements of damage that arose out of the breach of contract by the defendants. At that time if the present claim against the plaintiff and for which he is now suing was a liability arising out of the refusal of the defendant to take the carload of paper, it was a liability recoverable at that time. He was therefore obliged to include in his first action all of the damages to which he was entitled. If the law were otherwise, litigation of this sort would become intolerable. The same principle applies respecting the statute of limitations. Plaintiff was obliged to bring his action for all of his damages within six years of the breach of contract.

The judgment is affirmed.